IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR. No. 8:22-cr-00644-DCC-1 |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Douglas Marvel Black, III | ) | |
| | ) | |
| _____ | ) | |

This matter is before the Court on Defendant Douglas Marvel Black, III's Pro Se Motion for Early Termination of Supervised Release. ECF No. 6. In the Eastern District of North Carolina, on February 15, 2012, after pleading guilty to conspiracy to possess with intent to distribute and distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1); 846, Defendant was sentenced to 160 months of imprisonment followed by five years of supervised release. *United States v. Black*, CR. No. 7:11-cr-00100-BO-1, (E.D.N.C.), ECF Nos. 28 at 1; 35 at 2–3. Defendant was released from imprisonment on October 26, 2021, and began supervised release on that same date. ECF No. 8 at 1. Defendant avers that he has made positive life choices since beginning supervised release and seeks to have the remainder of his five-year term of supervision terminated. ECF No. 6 at 1.

On June 20, 2024, the United States Probation Office ("U.S. Probation") filed a Response to Early Termination Request. ECF No. 8. U.S. Probation confirmed that Defendant has been fully compliant thus far and has completed 32 months of supervision as of the date of the submission of the Response. ECF No. 8 at 2. However, U.S. Probation opposes termination at this time because he classifies as a career offender and

his "criminal history displays a pattern of continued similar illegal activity, indicating he may not have the ability to self-manage beyond his period of supervision." *Id.*

Pursuant to 18 U.S.C. § 3583(e)(1) and Federal Rule of Criminal Procedure 32.1, this Court may, after consideration of the relevant factors in 18 U.S.C. § 3553(a), terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release if the Court is satisfied that the action is warranted by the defendant's conduct and the interest of justice.  Further, the Guide to Judiciary Policy, Volume 8E, § 360.20(c) states that after 18 months of supervised release, there is a presumption in favor of recommending early termination for persons who meet the following criteria: (1) the person does not meet the criteria of a career drug offender or career criminal as set forth in 28 U.S.C. § 944(h) or has not committed a sex offense or engaged in terrorism; (2) the person presents no identified risk of harm to the public or victims; (3) the person is free from any reported violations over a 12-month period; (4) the person demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) the person is in substantial compliance with all conditions of supervision; and (6) the person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

After careful consideration of the applicable factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in the Guide to Judiciary Policy, Volume 8E, § 360.20(c), this Court finds that early termination of Defendant's supervised release at this point in time is in the interest of justice.  While Defendant technically qualifies as a career offender, he satisfies all other criteria under the Guide to Judiciary Policy, Volume 8E, § 360.20(c).  In addition, his criminal history is not so extensive or violent in nature as to disqualify him

from consideration for early termination after taking into account the relevant 3553(a) factors. The Court also notes that Defendant served a lengthy term of incarceration and has been fully compliant with supervised release since October 26, 2021. Moreover, Defendant has completed more than 50 percent of his total 60-month term of supervised release. Defendant also informs the Court of prosocial activities and prosocial support including starting his own company, moving to a new state, getting married, and having a child. ECF No. 6 at 1. Accordingly, for the reasons stated above, Defendant's Motion is granted.

For the reasons set forth above, Defendant's Pro Se Motion for Early Termination of Supervised Release [6] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 3, 2024
Spartanburg, South Carolina